UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

XTEC, Incorporated, a Florida corporation,

    Plaintiff,

v.                                              Case No. _____

HEMBREE CONSULTING SERVICES,          State Case No. 13-38362-CA-9
INC., an Indiana corporation, and LARRY
HEMBREE, an individual,

    Defendants.
_____/

## DEFENDANTS' NOTICE OF REMOVAL

Defendants, Hembree Consulting Services, Inc. ("HCSI") and Larry Hembree ("Hembree") (collectively, "Defendants"), pursuant to 28 U.S.C. §§ 1441 and 1446, hereby remove this action from the Circuit Court in and for Miami-Dade County, Florida.  The removal is based on diversity of citizenship, and this Court therefore has original jurisdiction over the case pursuant to 28 U.S.C. §§ 1332(a).

The specific grounds for removal are as follows:

1.    On or about December 12, 2013, Plaintiff XTEC, Incorporated ("XTEC") commenced this action by filing a Summons and Complaint in the Circuit Court in and for Miami-Dade County, Florida, captioned *XTEC, Incorporated, as Florida corporation, vs. HEMBREE CONSULTING SERVICES, INC., an Indiana corporation, and LARRY HEMBREE, an individual*, Case No. 13-38362-CA-9.

2.    XTEC's Complaint asserts claims that (1) Defendants directed and assisted in the misappropriation of XTEC's alleged trade secrets in violation the Florida Uniform Trade Secrets Act ("FUTSA"), Fla. Stat. §§ 6888.001, *et. seq.*; (2) Defendants engaged in unfair methods of

competition, unconscionable acts or practices, and unfair and deceptive acts or practices in the conduct of a trade or commerce in violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla Stat. §§ 501.201 *et seq.*; (3) XTEC is entitled to temporary and permanent injunctive relief enjoining Defendants from utilizing XTEC's alleged trade secrets; (4) Defendants made certain allegedly false statements about XTEC constituting defamation and common law trade disparagement.

3. Hembree Consulting Services, Inc. was served with the Summons and Complaint in this action on February 19, 2014 via personal service on its registered agent, Larry Hembree. A Complaint has yet to be personally served on Larry Hembree. Notwithstanding the foregoing, Larry Hembree joins in the filing of this notice of removal.

4. This notice of Removal is timely because it is filed within thirty days of service on Defendant of the Summons and Complaint. *See* 28 U.S.C. § 1446(b).

5. As required by 28 U.S.C. § 1446(a), attached as Exhibit A are copies of all process, pleadings, orders, and other papers or exhibits filed in the state court.

6. Venue of this removal is proper in the Southern District of Florida under 28 U.S.C. § 1441(a) because the Circuit Court in and for Miami-Dade County, Florida is within the Southern District.

7. Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action will be promptly served upon Plaintiffs' counsel, and a Notice of Filing Notice of Removal is being filed with the Clerk of the Circuit Court in and for Miami-Dade County, Florida. A true and correct copy of this Notice of Filing Notice of Removal is attached hereto as Exhibit B.

## BASIS OF FEDERAL DIVERSITY JURISDICTION

8. This action is removable to this Court because federal diversity jurisdiction exists over XTEC's claims pursuant to 28 U.S.C. § 1332.

### There is Complete Diversity

9. In the Complaint, XTEC alleges that it is a corporation organized and existing under the laws of the State of Florida and transacting business in Miami-Dade County, Florida. *See* Compl. ¶ 2. For purposes of 28 U.S.C. § 1332, XTEC is therefore considered to be a citizen of Florida.

10. XTEC correctly alleges that HCSI is a corporation organized and existing under the laws of Indiana. *Id.* at ¶ 3. HCSI's principal place of business is located at 514 N. JFK Avenue, Loogootee, Indiana, 47553. *See* Declaration of Larry Hembree dated March 18, 2014 ("Hembree Dec."), attached hereto as Exhibit C. For purposes of 28 U.S.C. § 1332(c)(1), HCSI is therefore considered to be a citizen of Indiana.

11. XTEC correctly alleges that Hembree is an individual residing in Indiana. *Id.* at ¶ 4. For purposes of 28 U.S.C. § 1332, Hembree is therefore considered to be a citizen of Indiana.

12. For jurisdictional purposes, because XTEC is a citizen of Florida and Defendants are citizens of Indiana, complete diversity exists.

### The Amount in Controversy Exceeds $75,000

13. In the Complaint, XTEC makes an unspecified demand for damages – specifically, XTEC claims damages arising out of Defendants' alleged misappropriation of Plaintiff's alleged trade secrets under FUTSA, Defendants' alleged unfair competition and breach of contract under FDUTPA, and Defendants' alleged defamation. XTEC states that the amount in controversy is over $15,000, exclusive of interest, costs and attorneys' fees. Compl. ¶

1. As explained below, the amount in controversy far exceeds the federal jurisdictional minimum of $75,000.

14. "[W]here a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by [only] a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$75,000] jurisdictional requirement." *Tapscott v. MS Dealer Serv. Corp.*, 77 F. 3d 1353, 1356-57 (11th Cir. 1996), *overruled on other grounds*, *Cohen v. Office Depot*, 204 F. 3d 1069 (11th Cir. 2000). This "lower burden of proof is warranted because there is simply no estimate of damages to which a court may defer." *Tapscott*, 77 F. 3d at 1356-57. Here, the evidence demonstrates that the amount in controversy more likely than not exceeds $75,000.

15. XTEC seeks damages relating to Defendants' alleged commercial use of XTEC's allegedly confidential proprietary information. XTEC's damages claims arise generally from Defendants' alleged appropriation of XTEC's alleged trade secrets in connection with Defendants' sales of its "Enabler 3.0" software to the United States Navy, which replaced XTEC's predecessor software, "Enabler 1.0."

16. Defendants have been paid in excess of $200,000.00 by the United States Navy in connection with Enabler 3.0. *See* Hembree Dec. at ¶ 8.

17. XTEC is seeking to recover damages from Defendants related to the work Defendants did for the United States Navy. In addition, XTEC is seeking further damages arising out of Defendants' alleged defamation. Finally, XTEC is seeking attorneys' fees, interest, and costs.

18. As such, the amount in controversy far exceeds the $75,000 jurisdictional minimum of this Court. *See Williams v. Best Buy Co.*, 269 F. 3d 1316, 1319-20 (11th Cir. 2001)

(if the jurisdictional amount is not facially apparent from the complaint, court may look to notice of removal and external evidence in determining amount in controversy); *see also Campbell v. Restaurants First/Neighborhood Restaurant, Inc.*, 303 F. Supp. 2d 797, 798-99 (S.D.W.Va. 2004) (holding that demand letter which sought in excess of jurisdictional amount was sufficient to establish the amount in controversy needed to remove).

19. For purposes of federal jurisdiction, the amount in controversy also includes a plaintiff's attorneys' fees when a statutory cause of action entitles a party to receive fees. *See Field v. National Life Ins. Co.*, 2001 WL 77101, *4 (M.D. Fla. Jan. 22, 2001); *Howard v. Globe Life Ins. Co.*, 973 F. Supp. 1412, 1419 (N.D. Fla. 1996).

20. Both FUTSA and FDUTPA authorize awards of attorneys' fees. *See* Fla. Stat. § 501.2105 (under FDUTPA, a prevailing party may receive his or her reasonable attorneys' fees and costs); Fla. Stat. § 688.005 (under FUTSA, if willful and malicious misappropriation exists, the Court may award reasonable attorney's fees to the prevailing party).

21. In addition, FUTSA also authorizes an award of exemplary damages if willful and malicious misappropriation exists. *See* Fla. Stat. § 688.004(2) (if willful and malicious misappropriation exists, the court may award exemplary damages in an amount not exceeding twice any award made under subsection (1)).

22. Accordingly, the potential award of exemplary damages under FUTSA and attorneys' fees under FDUTPA and FUTSA must be included in estimating the amount in controversy.

23. Based on the foregoing, it is clear that the damages XTEC seeks are in excess of $75,000.

24. The amount in controversy is satisfied for removal purposes.

5
CARLTON FIELDS JORDEN BURT, P.A.
Miami Tower • 100 S.E. Second Street • Suite 4200 • Miami, Florida 33131-2114 • Telephone 305-530-0050 • Facsimile 305-530-0055

WHEREFORE, Defendants, Hembree Consulting Services, Inc. and Larry Hembree respectfully remove this action from the Circuit Court in and for Miami-Dade County, Florida (Case No. 13-38362-CA-9), to this Court pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446, and 1443.

Dated: March 20, 2014

           Respectfully submitted,

           /s/*Gregory M. Cesarano*
           Gregory M. Cesarano
           Florida Bar No.:  217761
           Email:  gcesarano@cfjblaw.com
           Thomas J. Meeks
           Florida Bar No.:  314323
           Email:  tmeeks@cfjblaw.com
           Charles W. Throckmorton
           Florida Bar No.:  101203
           Email:  cthrockmorton@cfjblaw.com
           CARLTON FIELDS JORDEN BURT, P.A.
           100 SE Second Street, Suite 4200
           Miami, Florida 33131
           Telephone:     (305) 530-0050
           Facsimile:      (305) 530-0055

## CERTIFICATE OF SERVICE

I CERTIFY that on March 20, 2014, a copy of the foregoing was sent via e-mail and U.S. Mail.

Eduardo I. Rasco, Esq.
Steve Bimston, Esq.
ROSENTHAL ROSENTHAL RASCO
     KAPLAN, LLC
One Aventura, Suite 600
20900 NE 30th Avenue
Aventura, FL  33180
Tel: (305) 937-0300
Fax: (305) 937-1311
Email: eir@rrklaw.com
       smb@rrrklaw.com

*Attorney for Plaintiff*

      /s/*Gregory M. Cesarano*
      Gregory M. Cesarano
      Florida Bar No.:  217761