UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-21029-CIV-ALTONAGA/O'SULLIVAN

XTEC, Incorporated, a Florida
corporation,

    Plaintiff,

v.

HEMBREE CONSULTING SERVICES, INC.,
an Indiana corporation,
and LARRY HEMBREE, an individual,

    Defendants.
_____/

**THE HEMBREE DEFENDANTS' ALTERNATIVE
MOTION FOR NEW TRIAL OR DAMAGES REDUCTION**

Pursuant to Federal Rule of Civil Procedure 59 and Local Rule 7.1, and as an alternative if the Court does not grant their renewed motion for judgment as a matter of law, the Hembree Defendants respectfully move for the grant of a new trial or, at a minimum, a reduction of "nominal" defamation damages.[1]  Defendants will file their full memorandum of law in support of this motion, with record citations and supporting authorities, within thirty days of receiving the transcripts from the trial in this matter.  *See* ECF No. 346.  In the meantime, Defendants outline their arguments below.

I.     **THE HEMBREE DEFENDANTS ARE ENTITLED TO A NEW TRIAL.**

    A.     **The Verdict Is Contrary to the Great Weight of the Evidence.**

        1.     **The Hembree Defendants Are Entitled to a New Trial on XTec's Claims.**

Because XTec had the burden of proof on each element of its claims, the great weight of the evidence demonstrates that the Hembree Defendants:

- Did not misappropriate any of XTec's alleged trade secrets – let alone its entire AuthentX

---

[1] Even if the Court grants the Hembree Defendants' motion for judgment as a matter of law, it should conditionally rule on this motion as well.  *See* Fed. R. Civ. P. 50(c).

system, confidential source code, system architecture, and technical infrastructure as the jury incorrectly determined;

- Did not act "willfully and maliciously" by clear and convincing evidence;
- Did not cause XTec's purported damages;
- Were not unjustly enriched;
- Did not violate FDUTPA and did not cause any FDUTPA damages;
- Did not defame XTec; and
- Did not cause any special damages regarding alleged trade libel.

### 2. The Hembree Defendants Are Entitled to a New Trial on Their Defamation Counterclaim.

In addition, with regard to the Hembree Defendants' counterclaim, the jury's determination that attorneys Rasco and Bimston did not act as XTec's agents in disclosing the Kennedy Report to the U.S. Navy is against the great weight of the evidence.

## II. IF A NEW TRIAL IS NOT GRANTED, REDUCTION OF XTEC'S "NOMINAL" DEFAMATION DAMAGES IS LEGALLY REQUIRED.

Alternatively, if the Court does not grant judgment as a matter of law on all claims and enter a judgment of no damages, and does not grant a new trial, the Hembree Defendants assert that a reduction regarding the jury's award of $250,000 in "nominal" defamation damages is legally required. *See* [ECF No. 331 at 5]. As this Court properly instructed based on Florida's applicable standard jury instruction: "Nominal damages are damages of an inconsequential amount awarded to vindicate a right where a wrong is established but no damage is proved." [DE 330 at 10; DE 327 at 50]; Fla. Std. Jury Instr. (Civ.) 405.10; *see also* BLACK'S LAW DICTIONARY (10th ed. 2014) ("**nominal damages 1.** A trifling sum awarded when a legal injury is suffered but there is no substantial loss or injury to be compensated."). The jury's award of a quarter million dollars is not "nominal" or "trifling" in any sense.

### CONCLUSION.

If it does not grant their renewed motion for judgment as a matter of law, the Hembree Defendants request that the Court alternatively grant a new trial on XTec's claims and the Hembree Defendants' defamation counterclaim. Even if the Court does not grant either of these categories of relief, it should reduce the jury's award of "nominal" defamation damages.

Dated: December 16, 2015.

                    Respectfully submitted,

                    s/ *Thomas Meeks*
                    Thomas Meeks (314323)
                    Email: tmeeks@cfjblaw.com
                    Gregory Cesarano (217761)
                    Email: gcesarano@cfjblaw.com
                    Charles W. Throckmorton (101203)
                    Email: cthrockmorton@cfjblaw.com
                    David L. Luck (041379)
                    Email: dluck@cfjblaw.com
                    Carlton Fields Jorden Burt, P.A.
                    100 SE Second Street, Suite 4200
                    Miami, Florida 33131
                    Tel: (305) 530-0050
                    Fax: (305) 530-0055
                    *Counsel for Defendants*

## CERTIFICATE OF GOOD-FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that undersigned counsel for the Hembree Defendants has conferred with counsel for XTec, Eduardo Rasco, Esq., concerning the relief sought in this motion, and that Mr. Rasco does not agree to the relief sought in this motion.

                    *s/ Thomas Meeks*
                    Thomas Meeks

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 16, 2015, a true and correct copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system and served on all counsel receiving e-notification via the Court's CM/ECF system.

                    *s/ Thomas Meeks*
                    Thomas Meeks

## SERVICE LIST

Eduardo I. Rasco, Esq.
Steve Bimston, Esq.
ROSENTHAL ROSENTHAL RASCO KAPLAN, LLC
One Aventura, Suite 600
20900 NE 30th Avenue
Aventura, FL  33180
Tel: (305) 937-0300
Fax: (305) 937-1311
Email: eir@rrrklaw.com
         smb@rrrklaw.com
*Attorneys for Plaintiff*

102863045.1